UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TROLLEY BOATS, LLC,**
**AMPHIBIOUS PARTNERS, LLC,**
**AMPHIBIOUS ATTRACTIONS, LLC,**
**AMPHIBIOUS ATTRACTIONS OF**
**DAYTONA, LLC,**
**A. LOUIS STEPLOCK, JR.,**
**DAVID BEAGLE,**
**LINDA COLLINS,**

      **Plaintiffs,**

-vs-                Case No. 6:07-cv-1027-Orl-19GJK

**CITY OF HOLLY HILL, FLORIDA,**
**GERALD POTASH,**
**JOHN DOE,**

      **Defendants.**

_____

# ORDER

  This case comes before the Court on the Motion for Fees and Costs Pursuant to 42 U.S.C. § 1988 by Defendant Gerald Potash, (Doc. No. 61, filed Apr. 29, 2009), and the Response in Opposition by Plaintiffs, (Doc. No. 62, filed May 12, 2009). Because the Eleventh Circuit Court of Appeals has not issued a full remand of this matter, the Court concludes it lacks jurisdiction to consider the instant Motion.

  This Court previously denied Defendant Officer Gerald Potash's Motion to Dismiss, finding that Potash was not entitled to qualified immunity at the pleading stage. (Doc. No. 43, filed Jan. 8, 2008.) Soon after, Potash appealed to the Eleventh Circuit. (Doc. No. 46, filed Jan. 28, 2008.) Upon review, the Eleventh Circuit reached the following conclusion:

> Potash appeals the district court's order denying his motion to dismiss Appellees' § 1983 claim on qualified immunity grounds. We conclude that the district court did not adequately address the legal standard for qualified immunity cases in our circuit. Accordingly, we VACATE the order and REMAND to the district court for the limited purpose of providing the district court with the opportunity to expand its qualified immunity analysis. The court is directed to make the determinations as set forth in this limited remand within 120 days from the issuance of this opinion.

(Doc. No. 59 at 9-10, filed Mar. 27, 2009.)

Pursuant to this limited remand, this Court issued an Order in which it expanded its qualified immunity analysis. (Doc. No. 60, filed Mar. 31, 2009.) Ultimately, the Court reconsidered its prior decision, found that Plaintiffs failed to demonstrate that Potash acted in violation of their clearly-established constitutional rights, and concluded that Potash was entitled to qualified immunity. (*Id.*) The Court then directed the Clerk of the Court to return a certified copy of this Order to the Eleventh Circuit in compliance with the limited remand. (*Id.* at 16.) The record does not reflect that the Eleventh Circuit has taken any further action in this matter, and it has not issued a full remand.

As explained by the United States Supreme Court, "The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Jurisdiction does not return to the district court until the appellate court issues a remand. *See Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) (explaining this jurisdictional issue when a motion is filed under Federal Rule of Civil Procedure 60(b) in the district court after a notice of appeal has been filed). In addition, an appellate court may issue a limited remand in which it retains jurisdiction over the appeal and directs the district court to make limited findings or clarify the record in some way. *United States v. Theriault*,

526 F.2d 698, 699-700 (5th Cir. 1976)[1]; *accord Midway Mfg. Co. v. Kruckenberg*, 779 F.2d 624, 626 (11th Cir. 1986).

In the instant case, the Eleventh Circuit issued a limited remand and directed this Court "to expand its qualified immunity analysis." (Doc. No. 59 at 10.) The jurisdiction of this Court was thus limited to acting in the manner directed. Potash moves the Court to go beyond its jurisdiction on remand and to award fees and costs to him as the prevailing party under to 42 U.S.C. § 1988. (Doc. No. 61.) Potash is correct that, after expanding its qualified immunity analysis, the Court determined that Potash was entitled to qualified immunity. Potash is mistaken, however, in his statement that the Court's March 31, 2009 Order granted Potash's Motion to Dismiss. The Eleventh Circuit's remand did not give the Court jurisdiction to grant Potash's Motion to Dismiss; it only permitted the Court to expand its analysis. Accordingly, Potash's Motion is premature

Based on the foregoing, the Motion for Fees and Costs Pursuant to 42 U.S.C. § 1988 by Defendant Gerald Potash, (Doc. No. 61, filed Apr. 29, 2009), is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 1, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Copies furnished to:

Counsel of Record
Unrepresented Party